```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**WOODROW WILSON JENKINS,**

    **Petitioner,**

**v.**  //  **CIVIL ACTION NO. 1:08CV168**
                                             **(Judge Keeley)**

**WAYNE A. PHILLIPS, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 14, 2008, pro se petitioner, Woodrow Wilson Jenkins ("Jenkins"), an inmate at FCI-Morgantown, filed an "Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241," challenging the computation of his sentence by the Bureau of Prisons ("BOP"). Specifically, Jenkins argues that the BOP improperly denied him time off his sentence for his participation in the BOP's 500 Hour Residential Drug and Alcohol Treatment Program ("RDAP"). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

On September 26, 2008, the respondent, Wayne Phillips ("Phillips"), the Warden at FCI-Morgantown, filed a Response and a Motion to Dismiss to which Jenkins responded. Later, on March 3, 2009, Jenkins also filed a motion entitled "Request for Court's Decision and Ruling." On April 16, 2009, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), which he later amended and re-issued on April 21, 2009, recommending that

**ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION**

Phillips' Motion to Dismiss be granted and that Jenkins' petition under § 2241 be denied and dismissed with prejudice.

In the R&R, Magistrate Judge Kaull concluded that the BOP's decision not to reduce Jenkins' sentence was proper, despite his participation in the RDAP program, because of Jenkins' conviction on a firearm-related offense. Although Jenkins argued that the regulation that rendered him ineligible for early release violated the Administrative Procedures Act ("APA"), Magistrate Judge Kaull thoroughly analyzed the issue and concluded that the decision of the Supreme Court of the United States in Lopez v. Davis, 531 U.S. 230 (2001), foreclosed the issues raised by Jenkins. Magistrate Judge Kaull also recognized that a recent decision in this district, Snipe v. Phillips, 3:08cv22 (N.D.W. Va. Dec. 23, 2008) (Bailey, J.), analyzed this exact issue and upheld the BOP's policy.

The R&R also specifically warned the parties that objections to the recommendation should be made within ten days of their receipt of the R&R, and that failure to object to the recommendation would result in the waiver of any appellate rights on this issue.[1] Jenkins did not file any objection, but instead,

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

within the period for filing objections, and prior to any decision on the R&R, filed a "Notice of Appeal" to the Fourth Circuit Court of Appeals, stating that he wished to appeal the Court's decision in this case. On June 29, 2009, the Fourth Circuit Court of Appeals issued an Order denying the appeal for failure to prosecute.[2] The Fourth Circuit issued its mandate the same day. Consequently, the Court now has jurisdiction to consider the R&R.

Although Jenkins has not filed objections to the R&R, the Court **CONSTRUES** his "Notice of Appeal" as an objection, and thus reviews the R&R de novo. See 28 U.S.C. § 636(b)(1)(c). On such review, the Court finds that the Magistrate Judge thoroughly considered the claims raised by Jenkins and correctly concluded that the BOP regulation denying offenders convicted of firearm offenses time off their sentences despite successful completion of the RDAP program is valid. The Court acknowledges, as did Magistrate Judge Kaull, that the Ninth Circuit Court of Appeals has held otherwise, see Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008); nevertheless, in reaching his decision, Magistrate Judge

---

[2] The Court notes that the most recent address provided by Jenkins to this Court is his address at FCI-Morgantown. However, according to the Federal Bureau of Prison's Inmate Locator, Jenkins is currently incarcerated at a community corrections facility in Baltimore, Maryland. Jenkins failure to update his address, and his transition into a community corrections facility, may explain his failure to prosecute his appeal.

Kaull followed Fourth Circuit precedent.  See <u>Pelissero v. Thompson</u>, 170 F.3d 442 (4th Cir. 1999).

The Court, therefore, **ADOPTS** the Report and Recommendation in its entirety, **GRANTS** Phillips' Motion to Dismiss (dkt. no. 7), **DENIES AS MOOT** Jenkins' motion for ruling (dkt. no. 16), **DISMISSES** his petition under § 2241 challenging the BOP's computation of his sentence (dkt. no. 1), and **DISMISSES** the case **WITH PREJUDICE**.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record. The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner, certified mail, return receipt requested to his new address at CCM Annapolis Junction, 302 Sentinel Drive, Suite 200, Annapolis Junction, MD 20701.

Dated: July 9, 2009

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE